United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JOHN DOE,

Plaintiff,

v.

COUNTY OF ALAMEDA, et al.,

Defendants.

Case No. 26-cv-02032-PHK

**FURTHER ORDER TO SHOW CAUSE RE: FAILURE TO PROVIDE CURRENT ADDRESS**

Re: Dkts. 10, 13, 15

On March 9, 2026, Plaintiff John Doe, who is representing himself *pro se*, filed the Complaint in this action against Defendants the County of Alameda, Alameda Health System, Deputy Serramonte, Deputy Cortez, Deputy Nano, Deputy Van Less, Deputy Martinez, Deputy Newberry, and Nurse A. Layala (collectively, "Defendants"). [Dkt. 1]. Because the case was initially assigned to the undersigned, on May 13, 2026, the Court mailed a notice re: consent or declination of Magistrate Judge jurisdiction (pursuant to Civil Local Rule 73-1(a)(1)) to Plaintiff's address of record. [Dkt. 8]. The notice was returned as undeliverable on May 27, 2026. [Dkt. 10]. On June 24, 2026, the Court mailed a second notice re: consent to Plaintiff's address of record. [Dkt. 11]. The notice was returned as undeliverable on July 17, 2026. [Dkt. 13]. On October 14, 2026, the Court issued an Order to Show Cause ("OSC") regarding Plaintiff's failure to provide an updated mailing address. [Dkt. 15].

The Court's Civil Local Rules require that an attorney or a *pro se* party must keep the Court informed of their current address. Civil L.R. 3-11(a). "The Court may, without prejudice, dismiss a complaint or strike an answer when: (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and (2) The Court fails to receive within 60 days

of this return a written communication from the attorney or pro se party indicating a current address." Civil L.R 3-11(b). The Ninth Circuit has held that under such circumstances, dismissal without prejudice is appropriate. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal of action pursuant to a civil local rule conferring discretion on the court to dismiss a *pro se* plaintiff's action if mail is returned as undeliverable and the *pro se* plaintiff fails to contact the court within 60 days thereafter). The Ninth Circuit concluded that "[r]equiring any additional notice in the unique circumstances presented by a pro se litigant's failure to advise the district court of a change in his address is unworkable." *Id.*

Mail delivered to Plaintiff's address of record was first returned as undeliverable on May 27, 2026. [Dkt 10]. Mail sent to Plaintiff's address of record was returned as undeliverable again on July 17, 2026. [Dkt. 13]. More than 60 days have passed since the original undeliverable mail was returned. Indeed, more than double that length of time has passed, and the Court has still not received a written communication updating Plaintiff's address.

On October 14, 2026, the Court issued an Order to Show Cause regarding Plaintiff's failure to provide an updated mailing address. [Dkt. 15]. Curiously, this Order was mailed to Plaintiff's address with apparent success, as it was not returned as undeliverable. Despite this, Plaintiff has not filed any response to the Court's Order to Show Cause. In the Order to Show Cause, the Court explicitly warned Plaintiff that "failure to timely respond to this Order to Show Cause will result in negative consequences for Plaintiff's case[.]" *Id.* at 2. The Court Ordered Plaintiff "to file a written response to this Order in which he shall Show Cause and explain why the Court should not dismiss this case without prejudice for failure to comply with the Local Rules" by October 30, 2026. *Id.* More than two weeks have passed since this deadline, and Plaintiff has not filed any response to the Order to Show Cause. Indeed, since the date of the filing of the Complaint in this action (March 9, 2026), Plaintiff has filed nothing on the docket at all.

Accordingly for all the reasons discussed herein, **IT IS HEREBY ORDERED THAT:**

1. By no later than **December 7, 2026**, Plaintiff is **ORDERED** to file a written response to this Order in which he shall Show Cause and explain why the Court should not dismiss this case without prejudice for failure to comply with the Local Rules.

2. Plaintiff is admonished and warned that failure to timely respond to this Further Order to Show Cause and failure to update the Court on Plaintiff's address (including confirming that the current address is the correct address or providing an updated address or providing further explanation for the failures of prior Orders to be deliverable previously) timely **SHALL** result in issuance of a Report and Recommendation of dismissal without prejudice and an Order reassigning.

3. The Clerk is **DIRECTED** to mail this Order to Show Cause to Plaintiff at his address of record.

**IT IS SO ORDERED.**

Dated: November 17, 2026

PETER H. KANG
United States Magistrate Judge